**Charles E. HATCHER, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 18971.**

United States Court of Appeals District of Columbia Circuit.

Argued June 17, 1965.

Decided July 2, 1965.

Petition for Rehearing Denied En Banc Oct. 13, 1965.

Certiorari Denied Jan. 31, 1966. See 86 S.Ct. 654.

Mr. Robert Reed Gray, Washington, D. C. (appointed by this court), for appellant.

Mr. Norman Lefstein, Asst. U. S. Atty., with whom Messrs. David C. Acheson, U. S. Atty., and Frank Q. Nebeker and William H. Collins, Jr., Asst. U. S. Attys., were on the brief, for appellee.

Before FAHY, WRIGHT and TAMM, Circuit Judges.

PER CURIAM:

Appellant raises two issues arising out of his conviction of assault with intent to commit rape. He argues, first, that his waiver of trial by jury was not intelligently made, and, second, that the evidence required a judgment of not guilty by reason of insanity. We find that the evidence as to defendant's criminal responsibility, while divided, was

sufficient to insulate his conviction from reversal by this court. McDonald v. United States, 114 U.S.App.D.C. 120, 312 F.2d 847 (1962) (*en banc*).

██ With reference to the waiver issue, it appears that appellant signed a form of waiver in open court in the presence of his counsel, who signed the waiver with him.[1] It is true that the record does not disclose direct communication between the court and the appellant with respect to the waiver.[2] Since the waiver of a constitutional right is not to be taken lightly, such direct communication is desirable so there can be no question of the defendant's "intentional relinquishment or abandonment of a known right." Johnson v. Zerbst, 304 U.S. 458, 464, 58 S.Ct. 1019, 1023, 82 L.Ed. 1461 (1938). Compare United States v. Baysden, 4 Cir., 326 F.2d 629, 630–631 (1964). Because there is in this case no suggestion that appellant's act of waiver was not intentional or without actual knowledge of his right to a jury trial, we are constrained to affirm the judgment of the District Court. Adams v. United States ex rel. McCann, 317 U.S. 269, 281, 63 S.Ct. 236, 87 L.Ed. 268 (1942).

Affirmed.

Before BAZELON, Chief Judge, FAHY, WASHINGTON, DANAHER, BURGER, WRIGHT, McGOWAN, TAMM and LEVENTHAL, Circuit Judges, in Chambers.

### ORDER

PER CURIAM.

On consideration of appellant's petition for rehearing *en banc*, it is

Ordered by the court *en banc* that appellant's aforesaid petition is denied.

STATEMENT OF CHIEF JUDGE BAZELON WHY HE BELIEVES THE PETITION FOR REHEARING EN BANC SHOULD BE GRANTED

BAZELON, Chief Judge:

I would grant appellant's motion for a rehearing *en banc*. The Supreme Court, discussing a defendant's right to a trial by jury, stated in Patton v. United States, 281 U.S. 276, 312–313, 50 S.Ct. 253, 263, 74 L.Ed. 854 (1930):

Not only must the right of the accused to a trial by a constitutional jury be jealously preserved, but the maintenance of the jury as a fact-finding body in criminal cases is of such importance and has such a place in our traditions, that, before any waiver can become effective, the consent of government counsel and the sanction of the court must be had, in addition to the express and intelligent consent of the defendant. And the duty of the trial court in

---

1. The waiver, as signed, read as follows:
   UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA
   UNITED STATES
   vs.   Criminal No. 54–64
   CHARLES E. HATCHER
   WAIVER OF TRIAL BY JURY
   With the consent of the United States Attorney and the approval of the Court, the defendant waives his right to trial by jury.
   /s/ Charles E. Hatcher
   Defendant
   /s/ William T. Stephens
   Attorney for Defendant
   I consent
   /s/ William H. Collins
   United States Attorney
   Approved
   /s/ Curran
   Judge

2. The record reference reads:
   THE DEPUTY CLERK: Case of Charles E. Hatcher: Mr. Collins, Mr. Stephens.
   MR. COLLINS: The Government is ready, Your Honor.
   MR. STEPHENS: The defendant is ready, Your Honor.
   MR. COLLINS: Your Honor, I understand that the defendant in this case desires to waive trial by jury.
   THE COURT: Very well. Did he sign the waiver?
   MR. COLLINS: Not yet, Your Honor. I thought it had to be done in open court.
   THE COURT: Very well.
   (Signed in open court.)

that regard is not to be discharged as a mere matter of rote, but with sound and advised discretion, with an eye to avoid unreasonable or undue departures from that mode of trial or from any of the essential elements thereof, and with a caution increasing in degree as the offenses dealt with increase in gravity.

In the present case, the defendant was of low intelligence and his competency and mental condition had been seriously questioned. Particularly in these circumstances, his waiver of his right to a trial by jury should have been the subject of a meticulous inquiry to insure that the waiver was "intelligent and knowing."[1] Instead, it would appear from the transcript that the trial judge merely watched silently while the defendant signed a printed form. If this be so, the court's action cannot be said to rest on "sound and advised discretion." The resulting prejudice to defendant is plainly serious.

---

1. For a good example of the type of inquiry required, see Transcript, pp. 3-8,

Jones v. United States, #19362, argued October 12, 1965.