UNITED STATES of America

v.

Richard MITCHELL, Appellant.

No. 18295.

United States Court of Appeals, Third Circuit.

Argued May 22, 1970.

Decided June 18, 1970.

Robert F. Simone, Philadelphia, Pa. (Louis J. Grippo, Pittsburgh, Pa., on the brief), for appellant.

W. Wendell Stanton, Asst. U. S. Atty., Pittsburgh, Pa. (Richard L. Thornburgh, U. S. Atty., on the brief), for appellee.

Before SEITZ and ALDISERT, Circuit Judges, and HIGGINBOTHAM, District Judge.

## OPINION OF THE COURT

PER CURIAM.

Appellant, a dealer in used cars, was charged under 18 U.S.C. § 2313 with receiving a stolen motor vehicle known by him to have been stolen. The case was tried non-jury to the Distict Court for Western Pennsylvania and appellant was adjudged guilty, fined $500.00, and sentenced to one year and one day imprisonment. On appeal, he contends that (1) he did not voluntarily, intelligently, and knowingly waive a trial by jury, and (2) the presumption of knowledge that the automobile was stolen—based on possession of the recently stolen car—constitutes a violation of Fifth Amendment rights. We find no merit in either contention.

When this case was called for trial, appellant executed a non-jury waiver form which was submitted to and accepted by the district judge. The "Waiver of Jury Trial," also signed by appellant's privately retained counsel,[1] and consented to by the United States Attorney,[2] recited:

I, (defendant), having been fully informed of my Constitutional right to a trial by jury in the above-stated case, do hereby waive said right and consent to be tried without a jury by the United States Court for the Western District of Pennsylvania.

The following colloquy then occurred:

THE COURT: All right, proceed non-jury. Waiver has been signed and all that?

THE CLERK: Right here.

THE COURT: It is here. That's Mr. Mitchell [defendant] back of you, it is, Mr. Grippo [counsel]?

MR. GRIPPO: Correct, Your Honor.

THE COURT: And you have signed this waiver now, have you, to proceed non-jury?

(Defendant nods)

MR. GRIPPO: Yes, he has.

THE COURT: Is that right?

THE DEFENDANT: Yes.

THE COURT: Well, go ahead then.

In view of the signed waiver and the colloquy with the court, the assertion that we are presented with a "silent record" cannot stand. The record is silent only to the extent that it fails to contain any suggestion that appellant's waiver was anything but voluntarily and intelligently entered. Appellant has never argued, or even intimated, that he was incompetent to execute a waiver, that his decision was induced by coercion or

---

1. Appellant's Brief at 1–2 states that the waiver form was signed by appellant "without being advised by either the court, his attorney, or the United States Attorney of his absolute right to be tried by a jury." (emphasis supplied). It is anomalous, at the very least, that Louis J. Grippo, Esq., who is co-counsel on this appeal and whose name appears on the brief, should join in this allegation, for he is the same attorney who represented appellant below and who, along with his client, signed the waiver.

2. The "Waiver of Jury Trial" is a one page printed form on which the United States Attorney places his signature if he consents to the waiver. This is consistent with the directive of Rule 23(a), Fed.R. Crim.Pro.: "Cases required to be tried by a jury shall be so tried unless the defendant waives a jury trial in writing with the approval of the court and the consent of the government."

promises, Dranow v. United States, 325 F.2d 481, 483–485 (8 Cir. 1963), or that he did not appreciate the gravity of the offense charged, Riadon v. United States, 274 F.2d 304, 307 (6 Cir.), cert. denied, 364 U.S. 896, 81 S.Ct. 225, 5 L.Ed.2d 189 (1960). Just as in United States v. Hunt, 413 F.2d 983 (4 Cir. 1969), where the defendants acknowledged in signing a waiver that they had been "informed of their rights," appellant's waiver form specifically stated that he had been "fully informed of [his] Constitutional right to a trial by jury." In this regard, the present case presents a stronger showing of intelligent waiver than did Hatcher v. United States, 122 U.S.App. D.C. 148, 352 F.2d 364 (1965), rehearing denied, *en banc*, 352 F.2d 365 (1965), cert. denied, 382 U.S. 1030, 86 S.Ct. 654, 15 L.Ed.2d 542 (1966), in which the waiver form contained no assurance that the defendant had been advised of any rights.[3]

> We do believe that
>
> it is better practice for a district judge, when advised by a defendant that he desires to waive his right to a jury trial, to interrogate the defendant so as to satisfy himself that the defendant is fully apprised of his rights and freely and voluntarily desires to relinquish them.

United States v. Hunt, *supra*, 413 F.2d at 984. Certainly, "such direct communication is desirable so there can be no question of the defendant's 'intentional relinquishment or abandonment of a known right.'" Hatcher v. United States, *supra*, 352 F.2d at 365. In this case, however, there is "no suggestion that appellant's act of waiver was not intentional or without actual knowledge of his right to a jury trial." Id. See also Pool v. United States, 344 F.2d 943, rehearing denied, (9 Cir. 1965).

Moving to appellant's second contention, we find no merit in the argument that appellant's Fifth Amendment right to remain silent was infringed by the trial court's presumption that he had knowledge that the car was stolen. First, there is no solid evidence that the trial judge actually indulged the presumption. Appellant points to only one remark of the court below: "I think the whole case requires some explanation. * * *." And considering the overwhelming evidence, which we need not rehearse here, that appellant did know that the auto was stolen, the court was entirely justified in observing that "some explanation" was in order if appellant wished to be found not guilty. Indeed, this evidence would have been sufficient in the absence of any presumption to support a verdict of guilty beyond a reasonable doubt.

■ But even assuming that the lower court did apply the presumption, we find no violation of a constitutional right. We need not catalogue the large number of cases holding that the unexplained possession of recently stolen goods raises a presumption or warrants an inference of guilty possession. See, *e. g.*, 56 A.L.R.2d 1360–63. In United States v. Cook, 419 F.2d 1306, 1307 (5 Cir. 1969), where appellant attacked a jury instruction authorizing a presumption based on the possession of stolen mail, the Fifth Circuit reasoned:

> The Fifth Amendment gives a defendant the right to refuse to testify, but it does not give him an irrebutable presumption of innocence. If the appellant's argument were accepted, the government could never introduce evidence in sufficient quantities to compel a defendant to either explain or suffer a guilty verdict. The Fifth Amendment places no such restriction on the government.

The Supreme Court has repeatedly recognized the validity of such presumptions when they are demonstrated to be

---

3. The waiver, as signed recited: "With the consent of the United States Attorney and the approval of the Court, the defendant waives his right to trial by jury." Moreover, the record disclosed no "direct communication between the court and the appellant with respect to the waiver." 352 F.2d at 365.

rationally sound with a reasonable basis in fact. United States v. Gainey, 380 U.S. 63, 85 S.Ct. 754, 13 L.Ed.2d 658 (1965). *Compare* Turner v. United States, 396 U.S. 398, 90 S.Ct. 642, 24 L.Ed.2d 610 (1970).

The judgment of the district court will be affirmed.