**Raul ESTRADA, Petitioner-Appellant,**

v.

**UNITED STATES of America,
Respondent-Appellee.**

**Misc. No. 1407.**

United States Court of Appeals,
Seventh Circuit.

March 20, 1972.

Rehearing Denied April 11, 1972.

Raul Estrada, pro se.

James R. Thompson, U. S. Atty., Chicago, Ill., for respondent-appellee.

Before PELL, STEVENS, and SPRECHER, Circuit Judges.

PER CURIAM.

Petitioner, Raul Estrada, seeks leave to proceed on appeal in forma pauperis from the decision of the District Court dismissing his motion to vacate sentence pursuant to 28 U.S.C. § 2255 for failure to state a claim. We have reviewed the record of proceedings in the District Court and the papers filed by the petitioner in this Court and find the allegations of error to be without merit. However, we are of the view that petitioner's allegation that his waiver of his right to a jury trial was invalid, although not requiring reversal, deserves further comment.

The petitioner was convicted for the sale of heroin in violation of 26 U.S.C. § 4705(a) [1] and 21 U.S.C. § 174 [2] and received a sentence of six years. His conviction was affirmed on appeal in an unpublished opinion (No. 18149, December 11, 1970). The sole issue raised on appeal was that the ten-month delay between the time of the alleged sale and the arrest violated his sixth amendment right to a fair and speedy trial. Petitioner now alleges that he did not knowingly and intelligently waive his right to a jury trial, in that he was not personally interrogated by the trial judge, in order to determine whether he understood his right.

Petitioner's brief in support of his motion contains the following record of proceedings in the District Court:

"THE COURT: The defendant is present. It is my understanding from his counsel, there is to be a jury waiver here.

MR. CLERK: Will you hand him a jury waiver form? It has to be in writing.

---

1. Repealed, 84 Stat. 1292.

2. Repealed, 84 Stat. 1291.

THE COURT: Does the Government agree?

MR. COHEN: Yes, your Honor.

THE MARSHAL: Will you state your name for the reporter?

MR. ACKERMAN: Surely. I am Allan R. Ackerman, 100 North LaSalle Street, for the defendant Raul Estrada.

THE COURT: All right, let the record show that defendant's counsel and the defendant himself are in open court now signing a waiver of trial by jury, and that Government counsel, the District Attorney, is joining in the same."

■ Petitioner alleges that he has little understanding of English and that the written word is confusing and difficult for him. However, at his trial he took the stand and testified in his own behalf without an interpreter. The above proceedings took place in the presence of the defendant and his counsel. Although a more careful inquiry into the matter of the jury waiver would be desirable, we find that the above proceedings complied with the requirements of Rule 23(a), Fed.R.Crim.P., and that the waiver was voluntarily made.

■ It is desirable for several reasons that the record reflect as clearly as possible the basis for the acceptance of a waiver of the right to jury trial. The waiver of a constitutional right is always a serious matter and should only be accepted after a careful determination by the trial judge that it was knowingly and intentionally made. In Patton v. United States, 281 U.S. 276, 312, 50 S.Ct. 253, 74 L.Ed. 854 (1930), the Supreme Court observed that the "duty of the trial court in that regard is not to be discharged as a mere matter of rote, but with sound and advised discretion, with an eye to avoid unreasonable or undue departures from that mode of trial or from any of the essential elements thereof, and with a caution increasing in degree as the offenses dealt with increase in gravity." Furthermore, a careful inquiry by the trial judge facilitates review on appeal or on collateral attack by providing a more complete factual basis for determining whether there has been a voluntary waiver. Cf. McCarthy v. United States, 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969).

■ In our view, the recommendation of the American Bar Association Project on Minimum Standards for Criminal Justice (Trial by Jury, Part I, Section 1.2(b)) sets forth the preferred procedure:

"(b) The court should not accept a waiver unless the defendant, after being advised by the court of his right to trial by jury, personally waives his right to trial by jury, either in writing or in open court for the record."

This procedure would require that the defendant be personally advised by the trial judge of his right to trial by jury and would be consistent with the approach taken in accepting guilty pleas, under Rule 11, Fed.R.Crim.P. Adoption of such a procedure would provide an additional safeguard against a defendant's involuntary waiver of his right. It would minimize the uncertainty resulting from a reliance on defense counsel to explain the nature of the right and the consequences of its waiver.

We also find support for this procedure in decisions of other circuits which have noted it with approval, but which have not held it to be a necessary element of the waiver procedure. See United States v. Straite, 138 U.S.App. D.C. 163, 425 F.2d 594 (1970); Hatcher v. United States, 122 U.S.App.D.C. 148, 352 F.2d 364 (1965), cert. denied, 382 U.S. 1030, 86 S.Ct. 654, 15 L.Ed.2d 542 (1966); United States v. Hunt, 413 F. 2d 983 (4th Cir. 1969). The District of Columbia Court of Appeals has gone farther, in Jackson v. United States, D. C.App., 262 A.2d 106, 109 (1970), holding that "henceforth, in trials commenced after the issuance of this opinion, there should be in the record a statement in open court by the defendant himself in order to provide a basis for subsequently determining, if necessary, that he knowingly and voluntarily

waived his constitutional right to trial by jury." The Court noted that the Government, in its brief, had suggested the merits of direct communication between the judge and the defendant in addition to a written waiver.

Furthermore, decisions in other circuits regarding the voluntariness of a jury waiver mention that the defendant was personally interrogated by the trial judge prior to the acceptance of the waiver. See Roseman v. United States, 364 F.2d 18, 27 (9th Cir. 1966), cert. denied, 386 U.S. 918, 87 S.Ct. 879, 17 L. Ed.2d 789 (1967); McCranie v. United States, 333 F.2d 307 (5th Cir. 1964). See also Dranow v. United States, 325 F.2d 481, 485 (8th Cir. 1963), cert. denied, 376 U.S. 912, 84 S.Ct. 669, 11 L. Ed.2d 610 (1964) (interrogation by Government counsel in open court).

Although we think that personal interrogation of the defendant by the trial judge is the preferred procedure, we do not find that such procedure is compelled by Rule 23(a), Fed.R.Crim.P., or by the sixth amendment.

The motion to proceed on appeal in forma pauperis is granted and the judgment of the District Court is affirmed.