### UNITED STATES of America, Plaintiff-Appellee,

v.

### James SCOTT, Defendant-Appellant.

### No. 77–1148.

United States Court of Appeals, Seventh Circuit.

Argued Oct. 4, 1977.

Decided Aug. 31, 1978.

Thomas P. Durkin, Allan A. Ackerman, Chicago, Ill., for defendant-appellant.

William A. Barnett, Jr., Asst. U. S. Atty., Chicago, Ill., for plaintiff-appellee.

Before FAIRCHILD, Chief Judge, CUMMINGS, Circuit Judge, and CAMPBELL, Senior District Judge.*

PER CURIAM.

Appellant James Scott appeals from his conviction under 18 U.S.C. § 922(c) which prohibits the sale of firearms while not on business premises and under 18 U.S.C. § 922(b)(4) which prohibits the sale of firearms in violation of state law. Scott was convicted in a bench trial. The sole issue presented by this appeal is whether the record permits us to say that Scott knowingly and intentionally waived his right to jury trial.

Before trial, Scott's counsel in Scott's presence orally agreed to a bench trial. Scott and his counsel subsequently signed a written jury waiver. The waiver form was then signed by the judge and made a part of the record.

Scott does not claim that the record shows or suggests that he was misled or that his signing of the waiver was a product of ignorance, duress, or coercion. Rather, Scott contends that the purported waiver was invalid because the trial judge failed to interrogate him on the record to ensure that the waiver was both knowing and voluntary.

The issue presented by this case is not a novel one in this court. In *Estrada v. United States,* 457 F.2d 255 (7th Cir. 1972), we were faced with the identical argument made here by Appellant Scott. This court responded that while:

> personal interrogation of the defendant by the trial judge is the preferred procedure, we do not find that such procedure is compelled by Rule 23(a), Fed.R.Crim.P., or by the sixth amendment. 457 F.2d at 257.

Despite our statement in *Estrada* that the preferable procedure is to interrogate the defendant on the subject of waiver, we were again faced with a situation where the trial judge accepted a written waiver of right to jury trial without questioning defendant in *United States v. Kidding,* 560 F.2d 1303 (7th Cir. 1977). In *Kidding,* we again noted the desirability of the trial judge interrogating the defendant, but nevertheless affirmed the conviction:

> This court has previously stated that when a defendant waives his right to a jury trial, it is helpful to any determination on appeal of the voluntariness of the waiver also to have the record reflect that the defendant was interrogated by the trial judge on the issue of voluntariness prior to the acceptance of his waiver. *See Estrada v. United States,* 457 F.2d 255, 257 (7th Cir. 1972). But we do not believe that such procedure, however desirable, is compelled by Rule 23(a), Fed.R.Crim.P. or by the Sixth Amendment, *id.,* and thus, we do not find the failure of the trial judge in this case to conduct such an interrogation of defendant to warrant reversal of his conviction. Accordingly, on the basis of the written

* Senior District Judge William J. Campbell of the Northern District of Illinois is sitting by designation.

waiver, signed by defendant Kidding and his counsel, and in light of the fact that nothing in the record tends to impeach the recitations made in the waiver, we are satisfied that there was a voluntary and intelligent waiver of jury trial. 560 F.2d at 1311–12.

On the basis of *Estrada* and *Kidding,* therefore, we affirm the judgment appealed from.

It appears, however, that admonitions to trial judges that the better practice is to interrogate defendants on the subject of their understanding of the right to a jury trial and waiver thereof have not fully succeeded. Formal adoption of a procedure analogous to that required for guilty pleas by Rule 11, Fed.R.Crim.P., will provide an additional safeguard against unintelligent waiver. It will avoid the argument now raised on appeal and tend to prevent misunderstanding which could be the subject of a § 2255 proceeding.

■ Accordingly, this panel has recommended and the full court has adopted a rule under its supervisory power. The rule now announced, and effective one month after the date of this decision, requires that before a district court accepts a waiver of jury trial the court will interrogate the defendant to ensure that he understands his right to a jury trial and the consequences of waiver. Once the rule goes into effect, failure to comply will call for reversal on appeal.

AFFIRMED.