**UNITED STATES, Appellee,**

v.

**Staff Sergeant Ronald G. MALONE, 461–11–0938, United States Army, Appellant.**

**ACMR 8800089.**

U.S. Army Court of Military Review.

6 Dec. 1989.

For Appellant: Lieutenant Colonel Russell S. Estey, JAGC, Captain Thomas A. Sieg, JAGC (on brief).

For Appellee: Colonel Alfred F. Arquilla, JAGC, Lieutenant Colonel Gary F. Roberson, JAGC, Lieutenant Colonel Daniel J. Dell'Orto, JAGC, Major Gary L. Hausken, JAGC (on brief).

Before FOREMAN, SMITH and VARO, Appellate Military Judges.

OPINION OF THE COURT

FOREMAN, Senior Judge:

A special court-martial composed of officer members convicted the appellant, contrary to his pleas, of stealing $460.00 in United States currency from another soldier, in violation of Article 121, Uniform Code of Military Justice, 10 U.S.C. § 921 (1982). His approved sentence provides for a bad-conduct discharge and reduction to Private E1.

The appellant contends that the military judge erred by failing to inquire whether the appellant requested enlisted members or trial by military judge alone, as required by Manual for Courts–Martial, United States, 1984, Rule for Courts–Martial 903 [hereinafter M.C.M., 1984 and R.C.M.]. The government concedes the error but argues that it was harmless.

At the first session of the trial, the appellant indicated that he intended to retain civilian counsel and he requested through counsel, that his choice of forum be deferred until his civilian counsel was present. When the court reconvened with both civilian and military counsel present, the military judge inquired, "I'm sure [the detailed military counsel] discussed with you the various types of trial forums that we have. Now I have not yet discussed that with Sergeant Malone, and I'm required to do that on the record. Are you—counsel prepared at this time to make a trial selection—trial forum selection?" The detailed defense counsel responded, "Not at this time, your honor." There was no further discussion of forum. The court later convened with an all officer panel, without defense comment or objection. Although the appellant asserts that the military judge erred by failing to enumerate and explain his forum choices, he has never contended that he was misled or coerced or that his choice of forum would have been

different if the military judge had explained his forum rights.

This is a case of first impression. Although the Court of Military Appeals and this court have considered cases in which the military judge has failed to conduct the inquiries required by R.C.M. 903, those previous cases have all involved some affirmative action by the appellant, either by requesting a bench trial or enlisted members. In the case before us, the appellant exercised no options, allowing the case to be heard by an all officer panel.

■ Rule for Courts–Martial 903(a) requires the military judge to inquire whether an accused desires to request a bench trial or a court panel with enlisted membership. Rule for Courts–Martial 903(a) does not require the military judge to explain the various forum choices to an accused, nor does it set forth a procedure for determining whether an accused desires a bench trial or enlisted members. *United States v. McPhaul*, 22 M.J. 808, 809 (A.C.M.R. 1986). If an accused requests a bench trial, R.C.M. 903(c)(2)(A) requires the military judge to "[a]scertain whether the accused has consulted with defense counsel and has been informed of the identity of the military judge and of the right to trial by members...." Although not mandated, the preferable procedure is for the military judge to interrogate the accused to ensure that his waiver of the right to trial by members is knowing and understanding. R.C.M. 903(c) discussion. Rules for Courts-Martial 903(c) parallels Federal Rule of Criminal Procedure 23(a), as it pertains to waiver of a jury trial. R.C.M. 903, Analysis, App. 21, at A21–46. The federal rules do not require that the trial judge interrogate the defendant, although it is the preferable practice. *Estrada v. United States*, 457 F.2d 255 (7th Cir.), *cert. denied*, 409 U.S. 858, 93 S.Ct. 143, 34 L.Ed.2d 104 (1972); *United States v. Mitchell*, 427 F.2d 1280 (3d Cir.1970); *United States v. Straite*, 425 F.2d 594 (D.C.Cir.1970); *United States v. Hunt*, 413 F.2d 983 (4th Cir. 1969). The Seventh Circuit has promulgated a court rule imposing a requirement for interrogating a defendant who desires to waive the jury. *United States v. Scott*,

583 F.2d 362 (7th Cir.1978). There is no comparable rule for military courts.

If an accused requests a bench trial, the military judge's failure to advise the accused of his right to enlisted membership does not require reversal in the absence of evidence that the accused was misled, coerced, or would have made a different forum decision. *See United States v. Stegall*, 6 M.J. 176 (C.M.A.1979). Likewise, failure to advise the accused of his right to a panel of officers does not require reversal in the absence of evidence that the accused was unaware of the consequences of his choice or would have made a different decision if fully advised of his choices. *United States v. Jenkins*, 42 C.M.R. 304 (C.M.A.1970). In the absence of evidence to the contrary, defense counsel are presumed to have properly advised their clients regarding choice of forum. *United States v. Canatelli*, 5 M.J. 838 (A.C.M.R.), *petition denied*, 6 M.J. 93 (C.M.A.1978).

■ The reasons for interrogating an accused are less compelling where, as in this case, he has not waived a right, but merely failed to affirmatively invoke a right. We hold that the military judge violated R.C.M. 903(c) by failing to inquire whether the appellant desired a bench trial or enlisted members on the court panel. We find no evidence that appellant's counsel failed to properly advise him of his choice of forum. We find no evidence that the appellant did not understand his forum choice, or that he has been misled, coerced, or would have made a different choice if fully advised by the military judge. Accordingly, we conclude that the procedural error was harmless.

We have considered the remaining assignments of error and find them to be without merit.

The findings of guilty and the sentence are affirmed.

Judge SMITH and Judge VARO concur.