DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Lamar Reed, appeals the decision of the Lorain County Court of Common Pleas, which convicted him of cocaine possession with a major drug specification and sentenced him to eleven years incarceration on these charges. This Court affirms.
 I. {¶ 2} Appellant was indicted by the Lorain County Grand Jury on one count of possession of cocaine in violation of R.C. 2925.11(A), with a major drug offender specification and one count of possession of drug paraphernalia, a violation of R.C. 2925.14(C)(1). On October 14, 2004, appellant executed a waiver of his right to a jury trial. The same day, a bench trial commenced. Appellant was found guilty of all counts and sentenced accordingly.
 {¶ 3} Appellant timely appealed his conviction of possession of cocaine with a major drug offender specification, setting forth seven assignments of error for review.
 II. FIRST ASSIGNMENT OF ERROR
"DEFENDANT WAS DENIED DUE PROCESS OF LAW WHEN HE DID NOT KNOWINGLY, INTELLIGENTLY OR VOLUNTARILY WAIVE HIS RIGHT TO A JURY TRIAL."
 {¶ 4} In his first assignment of error, appellant argues that he did not knowingly, intelligently or voluntarily waive his right to a jury trial. This Court disagrees.
 {¶ 5} According to Crim. R. 23(A), a defendant may knowingly, intelligently and voluntarily waive his right to a jury trial. State v.Emch, 9th Dist. No. 20372, 2002-Ohio-3861, at ¶ 27. See, also, State v.Harris (Dec. 22, 1999), 9th Dist. No. 98CA007142. The waiver "shall be in writing, signed by the defendant, and filed in said cause and made a part of the record thereof." R.C. 2945.05. "Such waiver of trial by jury must be made in open court after the defendant has been arraigned and has had opportunity to consult with counsel." Id. However, "[a] trial court is not required to interrogate a defendant to determine their knowledge about their right to a jury trial." Emch at ¶ 27, quoting Harris. "While it may be better practice for the trial judge to enumerate all the possible implications of a waiver of a jury, there is no error in failing to do so." State v. Jells (1990), 53 Ohio St. 3d 22, 26.
 {¶ 6} R.C. 2945.05 provides that a jury trial waiver shall state in substance as follows:
"I . . . ., defendant in the above cause, hereby voluntarily waive and relinquish my right to a trial by jury, and elect to be tried by a Judge of the Court in which the said cause may be pending. I fully understand that under the laws of this state, I have a constitutional right to a trial by jury."
Before beginning the bench trial, the court engaged in the following colloquy with appellant and his counsel, reiterating verbatim the waiver language from R.C. 2945.05:
"THE COURT: * * *
"I, Lamar Reed, defendant in the above-captioned cause, hereby voluntarily waive and relinquish my right to a trial by jury and elect to be tried by the Judge in which the said cause may be pending. I fully understand under the laws of this state I have a constitutional right to a trial by jury. And this is signed by Lamar Reed.
"Is that your signature, Mr. Reed?
"THE DEFENDANT: Yes, sir, your Honor.
"THE COURT: Counsel, is this correct?
"MR. ORTNER: Yes, your Honor.
"THE COURT: Very well. The Court will proceed with the court trial."
 {¶ 7} The written jury waiver was signed by appellant on the date of the trial, witnessed by the trial judge, and filed with the Lorain County Court of Common Pleas. The record further shows that the court read appellant's waiver into the record at the commencement of the trial, and both appellant and his trial counsel acknowledged that appellant wished to waive his right to a jury trial.
 {¶ 8} To support his argument, appellant argues that the Sixth Circuit Court of Appeals' decision in United States v. Martin (C.A. 6, 1983),704 F.2d 267, is controlling. While this Court is not bound by the Sixth Circuit's rulings on federal statutory or constitutional law, we do find the rationale in Martin persuasive.[1] While this Court finds Martin
persuasive, we note that the portions of Martin which appellant quotes in his brief do not represent the holding. In Martin, the Sixth Circuit stated:
"There is no constitutional requirement that a court conduct an on the record colloquy with the defendant prior to the jury trial waiver. SeeScott, 583 F.2d 362. However, the manifest importance of the jury trial right and the unsatisfactory nature of collateral proceedings compels this Court to make the following suggestion. We implore the district courts to personally inform each defendant of the benefits and burdens of jury trials on the record prior to accepting a proffered waiver. See, e.g., Witherspoon v. United States, 633 F.2d 1247 (6th Cir. 1980);Estrada v. United States, 457 F.2d 255, 257 (7th Cir. 1972); UnitedStates v. David, 167 U.S. App. D.C. 117, 511 F.2d 355, 361 (D.C. Cir. 1975); United States v. Mitchell, 427 F.2d 1280, 1282 (3rd Cir. 1970);United States v. Hunt, 413 F.2d 983, 984 (4th Cir. 1969). At a minimum, a defendant should be informed that a jury is composed of 12 members of the community, he may participate in the selection of jurors, the verdict of the jury must be unanimous, and that a judge alone will decide guilt or innocence should he waive his jury trial right. See United States v.Delgado, 635 F.2d 889, 890 (7th Cir. 1981).
"Today, we decline to join several courts which have adopted mandatory supervisory rules requiring trial courts to personally interrogate defendants prior to accepting a jury trial waiver. See United States v.Scott, 583 F.2d 362, 364 (7th Cir. 1978); Hawkins v. United States,385 A.2d 744, 747 (D.C.App.Ct. 1978); Biddle v. State of Maryland,40 Md. App. 399, 400-403, 40 Md. App. 399, 392 A.2d 100, 101-103
(1978); Ciummei v. Commonwealth, 378 Mass 504, 392 N.E.2d 1186, 1189
(1979). We are confident that such a rule will be unnecessary since district courts will take a few moments and inform defendants of their jury trial right on the record. These few minutes will avoid the troublesome, time consuming task which confronts this Court today." (Emphasis omitted.) Martin 704 F.2d at 274.
 {¶ 9} Although this Court agrees that the better practice is to conduct a colloquy with the defendant, we, like the Sixth Circuit, decline to adopt a rule requiring trial courts to personally interrogate defendants prior to accepting a jury trial waiver. Consequently, appellant's first assignment of error is overruled.
 SECOND ASSIGNMENT OF ERROR
"DEFENDANT WAS DENIED DUE PROCESS OF LAW AND A FAIR TRIAL WHEN THE COURT PERMITTED THE INVESTIGATING DETECTIVE TO TESTIFY IN A MANNER WHICH EXPRESSED HIS OPINION OF THE GUILT OF DEFENDANT."
 {¶ 10} In his second assignment of error, appellant argues that the trial court erred when it permitted Lieutenant James Rohner to testify in a manner which expressed his opinion of appellant's guilt.
 {¶ 11} Appellant argues that the trial court erred in admitting hearsay and allowing Lieutenant Rohner to testify as to the credibility of Quiana Ross' testimony and appellant's guilt.
 {¶ 12} The State argues that the admission of Lieutenant Rohner's testimony was not error, because he was qualified to testify as an expert. Whether Lieutenant Rohner was testifying as an expert is irrelevant. This Court notes that the opinion of a witness as to whether another witness is being truthful is inadmissible. State v. Miller (Jan. 26, 2001), 2nd Dist. No. 18102. "In our system of justice, it is the fact finder, not the so-called expert or lay witnesses, who bears the burden of assessing the credibility and veracity of the witnesses." State v.Boston (1989), 46 Ohio St.3d 108, 129, quoting State v. Eastham (1988),39 Ohio St.3d 307, 312. (Justice Brown, concurring.) Moreover, "jurors are likely to perceive police officers as expert witnesses, especially when such officers are giving opinions about the present case based upon their perceived experiences with other cases." State v. Root, 11th Dist. No. 2003-A-0043, 2004-Ohio-2439 at ¶ 31, citing State v. Potter, 8th Dist. No. 81037, 2003-Ohio-1338, at ¶¶ 38-39. Although, this Court finds that the trial court erred in admitting any testimony by Lieutenant Rohner regarding other witnesses' credibility or appellant's guilt, such error was harmless. As discussed in appellant's fifth assignment of error, appellant's conviction was supported by the manifest weight of the evidence. Appellant's second assignment of error is overruled.
 THIRD ASSIGNMENT OF ERROR
"DEFENDANT WAS DENIED HIS RIGHT OF CONFRONTATION AND CROSS-EXAMINATION WHEN THE COURT ADMITTED THE ANALYSIS OF THE DRUGS WITHOUT TESTIMONY OF ANY WITNESS SUBJECT TO CROSS-EXAMINATION."
 {¶ 13} Appellant argues in his third assignment of error that he was denied his right of confrontation and cross-examination when the trial court admitted into evidence a report prepared by the Bureau of Criminal Investigation ("BCI") without hearing testimony from any individual regarding the report.
 {¶ 14} While the record is not clear, the State argues that appellant stipulated to the admission of the report. In addition, the State argues that appellant failed to object to the admission of the report. Ordinarily, appellant's failure to object to the admission of the report would constitute waiver. See State v. Dalton (Nov. 20, 1996), 9th Dist. No. 17659. However, appellant argues that the admission of the report constituted plain error, because it denied him his right of confrontation and cross-examination.
 {¶ 15} Pursuant to Crim.R. 52(B), a plain error or defect in the proceedings that affects a substantial right may be addressed by an appellate court even though it was not brought to the attention of the trial court. The error, however, must be obvious, that is it should have been apparent to the trial court without an objection. State v. Kobelka
(Nov. 7, 2001), 9th Dist. No. 01CA007808. Plain error is not present here. First, the State indicated that the defense was willing to stipulate to the report. The defense gave no response. Second, the trial court continued on by asking for objections, and no objection was noted regarding the admission of the report. Under these circumstances, the trial court could logically conclude that the defense was acquiescing to the admission of the report. No plain error exists. This is not the type of evidence that is clearly inadmissible. It is only inadmissible upon objection.
 {¶ 16} In addition, appellant argues that R.C. 2925.51 is unconstitutional. Appellant raises the issue of constitutionality of R.C. 2925.51 for the first time on appeal. Appellant did not raise this issue before the trial court. Generally, an appellant's failure to raise the issue of a statute's constitutionality to the trial court constitutes a waiver of that issue for the purposes of an appeal. State v. White
(June 16, 1999), 9th Dist. No. 19040; State v. Awan (1986),22 Ohio St.3d 120, syllabus. Appellant's argument has been waived, and is overruled.
 {¶ 17} Appellant's third assignment of error is overruled.
 FOURTH ASSIGNMENT OF ERROR
"DEFENDANT WAS DENIED DUE PROCESS OF LAW WHEN QUIANA ROSS WAS ALLOWED TO TESTIFY CONCERNING HER `FEELINGS' AS TO THE OWNERSHIP OF THE DRUGS."
 {¶ 18} In his fourth assignment of error, appellant avers that the trial court erred in admitting the testimony of Quiana Ross, because she lacked personal knowledge of the ownership of the drugs which were found in her apartment. This Court disagrees.
 {¶ 19} Although appellant's assignment of error states that Quiana Ross testified as to the ownership of the drugs that were found in her apartment, a review of the record does not support such an argument. Appellant cites the following excerpt from the transcript to support his argument:
"Q. But a few moments ago you said you had a bad feeling about that. Why did you have a bad feeling?
"A. Because I knew what he was going to do.
"Mr. Ortner: Objection, Judge. It's just a feeling.
"The Court: Overruled.
"Q. How did you know what he was going to do?
"A. Because he paid me.
"Q. He paid you. How much did he give you?
"A. $20.
"Q. And did that seem right to you?
"A. No, but I still took it."
 {¶ 20} The above excerpt as well as the remainder of Ross' testimony does not support appellant's argument. At no time during her testimony does Ross give an opinion as to the ownership of the drugs which were found in her apartment. Given the broad discretion afforded a trial court in admitting evidence, this Court cannot find an abuse of discretion in the admission of Ross' testimony. Appellant's fourth assignment of error is overruled.
 FIFTH ASSIGNMENT OF ERROR
"DEFENDANT WAS DENIED DUE PROCESS OF LAW WHEN HE WAS CONVICTED OF POSSESSION OF A CONTROLLED SUBSTANCE."
 {¶ 21} In his fifth assignment of error, appellant argues that his conviction of possession of crack cocaine, with a major drug offender specification was not supported by sufficient evidence and was against the manifest weight of the evidence. This Court disagrees.
"In determining whether a criminal conviction is against the manifest weight of the evidence, an appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v. Otten (1986), 33 Ohio App.3d 339, paragraph one of the syllabus.
 {¶ 22} This discretionary power should be exercised only in exceptional cases where the evidence presented weighs heavily in favor of the defendant and against conviction. Id. at 340. Further, "[b]ecause sufficiency is required to take a case to the jury; a finding that a conviction is supported by the weight of the evidence must necessarily include a finding of sufficiency." State v. Hoehn, 9th Dist. No. 03CA0076-M, 2004-Ohio-1419, at ¶ 37, quoting State v. Roberts (Sept. 17, 1997), 9th Dist. No. 96CA006462.
 {¶ 23} Appellant was convicted of possession of cocaine in violation of R.C. 2925.11(A), with a major drug offender specification. R.C.2925.11(A) provides: "No person shall knowingly obtain, possess, or use a controlled substance."
 {¶ 24} Detective Roger Watkins of the Lorain Police Department's Narcotics Division testified on behalf of the State. Detective Watkins testified that he accompanied the Adult Parole Agency to Quiana Ross' apartment on October 17, 2002. Detective Watkins stated that four baggies containing what appeared to be crack cocaine were found underneath a mattress in Ross' bedroom. Detective Watkins further testified that two scales were found in Ross' apartment, and that appellant's fingerprint was found on one of the scales.
 {¶ 25} Quiana Ross also testified on behalf of the State. Ross testified that appellant came to her apartment almost every day in the summer of 2002. Ross stated that appellant would cook dope in her apartment, specifically cocaine. Ross further testified that appellant was in her apartment on October 16, 2002, the day before the search of her apartment which led to appellant's arrest and conviction of possession in the underlying action to this appeal. Ross stated that appellant was in her apartment for a couple of hours on October 16, 2002. Ross stated that she was at someone else's apartment most of the time that appellant was in her apartment on October 16, 2002, but that she did go over to her apartment and she saw appellant cooking what she believed was dope.
 {¶ 26} The State also called Jodi Ganda, a fingerprint technician for Lorain County, to testify. Ms. Ganda testified that she was given three latent lift cards and three fingerprint charts to compare. Ms. Ganda stated that she was asked to compare the three lift cards with the latent prints to the known fingerprint charts of Quiana Ross, Taru Smith, and appellant. Ms. Ganda further testified that she matched one of the latent prints to Quiana Ross and one to appellant.
 {¶ 27} Lieutenant James Rohner, supervisor of the Narcotics Division of the Lorain Police Department, also testified on behalf of the State. Lieutenant Rohner testified that, about seven weeks after the search of Quiana Ross' apartment, appellant was arrested on another charge. At that time, Lieutenant Rohner interviewed appellant regarding the search that was conducted at Quiana Ross' apartment on October 17, 2002.
 {¶ 28} Lieutenant Rohner stated that, during the interview, appellant first said that he cooked up the crack cocaine, then denied knowing how to cook up crack cocaine and said that he just bagged it up for Quiana Ross. Lieutenant Rohner testified that appellant admitted that the white scale found in Quiana Ross' apartment was his and that appellant stated that he used it to weigh marijuana.
 {¶ 29} Given the above, this Court concludes that appellant's conviction was not against the manifest weight of the evidence. Further, as previously discussed, our conclusion that appellant's conviction was not against the manifest weight of the evidence is dispositive of the issue of sufficiency. Roberts, supra. Accordingly, appellant's fifth assignment of error is overruled.
 SIXTH ASSIGNMENT OF ERROR
"DEFENDANT WAS DENIED DUE PROCESS OF LAW WHEN HE WAS MULTIPLY [sic.] SENTENCED FOR POSSESSION OF THE SAME DRUGS IN VIOLATION OF HIS RIGHTS UNDER THE FIFTH AMENDMENT."
 {¶ 30} In his sixth assignment of error, appellant contends that the trial court erred when it sentenced him to an additional prison term due to his drug offender specification, in violation of his constitutional rights.
 {¶ 31} Appellant raises the issue of constitutionality of R.C. 2929.14
for the first time on appeal. Appellant did not raise this issue before the trial court. As discussed in appellant's third assignment of error, an appellant's failure to raise the issue of a statute's constitutionality to the trial court generally constitutes a waiver of that issue for the purposes of an appeal. See White, supra; see, also,Awan, 22 Ohio St.3d at syllabus. Appellant's argument has been waived, and is overruled.
 SEVENTH ASSIGNMENT OF ERROR
"DEFENDANT WAS DENIED DUE PROCESS OF LAW WHEN THE COURT AUTOMATICALLY SENTENCED DEFENDANT TO AN ADDITIONAL PERIOD OF TIME AS A MAJOR DRUG OFFENDER."
 {¶ 32} In his seventh assignment of error, appellant argues that the trial court failed to make the findings set forth in R.C.2929.14(D)(2)(b)(i) and (ii). This Court disagrees.
 {¶ 33} Appellant was convicted of possession of cocaine under R.C. 2925.11(C)(4)(f), which provides:
"If the amount of the drug involved equals or exceeds one thousand grams of cocaine that is not crack cocaine or equals or exceeds one hundred grams of crack cocaine, possession of cocaine is a felony of the first degree, the offender is a major drug offender, and the court shall impose as a mandatory prison term the maximum prison term prescribed for a felony of the first degree and may impose an additional mandatory prison term prescribed for a major drug offender under division (D)(3)(b) of section 2929.14 of the Revised Code."
 {¶ 34} R.C. 2929.14(D)(3)(b) provides:
"The court imposing a prison term on an offender under division (D)(3)(a) of this section may impose an additional prison term of one, two, three, four, five, six, seven, eight, nine, or ten years, if the court, with respect to the term imposed under division (D)(3)(a) of this section and, if applicable, divisions (D)(1) and (2) of this section, makes both of the findings set forth in divisions (D)(2)(b)(i) and (ii) of this section."
 {¶ 35} "R.C. 2929.14(D)(2)(b) states:
"(i) The terms so imposed are inadequate to punish the offender and protect the public from future crime, because the applicable factors under section 2929.12 of the Revised Code indicating a greater likelihood of recidivism outweigh the applicable factors under that section indicating a lesser likelihood of recidivism.
"(ii) The terms so imposed are demeaning to the seriousness of the offense, because one or more of the factors under section 2929.12 of the Revised Code indicating that the offender's conduct is more serious than conduct normally constituting the offense are present, and they outweigh the applicable factors under that section indicating that the offender's conduct is less serious than conduct normally constituting the offense."
 {¶ 36} Appellant argues that the trial court erred because it did not state its reasons for imposing an additional one year sentence pursuant to R.C. 2929.14(D)(3)(b) at the sentencing hearing. To support his position, appellant cites State v. Comer, 99 Ohio St.3d 463, 2003-Ohio-4165. The State argues that appellant failed to preserve this assignment of error for appeal, because he did not object to the trial court's failure to state its findings and reasons on the record. To support its position, the State cites State v. DiGiovanni, 9th Dist. No. 22242,2005-Ohio-1131, and State v. Riley, 9th Dist. No. 21852, 2004-Ohio-4880. For the reasons that follow, this Court finds that the trial court did not err in imposing an additional one year sentence after finding appellant to be a major drug offender.
 {¶ 37} In the present case, the trial court was required to make both of the findings set forth in divisions R.C. 2929.14 (D)(2)(b)(i) and (ii) in order to sentence him to an additional prison term of one to ten years. Once the trial court makes the findings in R.C. 2929.14(D)(2)(b)(i) and (ii), the sentence automatically runs consecutive to the term imposed under R.C. 2925.11(C)(4)(f). See R.C. 2929.14(D)(3)(b). In other words, the findings in R.C. 2929.14(D)(2)(b)(i) and (ii) are not findings that a trial court is required to make in order to impose consecutive sentences. They are findings that the trial court must make in order to sentence a defendant to a longer prison term than the mandatory prison term set forth in R.C. 2925.11(C)(4)(f).
 {¶ 38} The trial court's imposition of an additional one to ten year prison term pursuant to R.C. 2929.14(D)(3)(b) is distinguishable from the imposition of consecutive sentences pursuant to R.C. 2929.14(E)(4). In order to impose consecutive sentences within the meaning of R.C.2929.14(E)(4), there must be multiple offenses. In the present case, there is one offense — possession of crack cocaine. The additional prison term of one to ten years that may be imposed pursuant to R.C.2929.14(D)(3)(b), is enhancing the mandatory sentence imposed pursuant to R.C. 2925.11(C)(4)(f). Likewise, the case sub judice is distinguishable from Comer and Riley. Comer dealt with the imposition of consecutive sentences pursuant to R.C. 2929.14(E)(4). The cases to which this Court has applied Riley have all involved cases where the defendant was sentenced to non-minimum, maximum or consecutive sentences under R.C.2929.14(B) or R.C. 2929.14(E)(4). A review of the record shows that the trial court made the required findings pursuant to R.C. 2929.14(D)(2)(b)(i) and (ii) in its journal entry.
 {¶ 39} Appellant also argues that his sentence is unconstitutional pursuant to Blakely v. Washington (2004), 542 U.S. 296, 159 L.Ed.2d 403. This Court has previously held that Blakely is inapplicable to Ohio's sentencing scheme. State v. Rowles, 9th Dist. No. 22007, 2005-Ohio-14, at ¶ 19. Consequently, appellant's argument regarding Blakely is without merit.
 {¶ 40} Having found that the trial court made the required findings in the journal entry and that Blakely is not applicable, appellant's seventh assignment of error is overruled.
 III. {¶ 41} Appellant's assignments of error are overruled. The decision of the Lorain County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to appellant.
Exceptions.
Whitmore, P.J., Moore, J., Concur.
[1] This Court cannot find any instance where either the United States Supreme Court or the Supreme Court of Ohio has addressed the sufficiency of a waiver of a jury trial under federal law.