JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Defendant-appellant, James Adams, appeals his conviction from the Cuyahoga County Court of Common Pleas. Finding no error in the proceedings below, we affirm.
 {¶ 2} On January 28, 2007, while on routine patrol, Officers Gobel and Weaver of the Cleveland Police Department saw a Chevy Suburban stopped at East 129th Street and Benham Avenue. They checked the temporary license plate and discovered that it had expired. They activated their lights and sirens, and stopped behind the vehicle. While the officers approached, they observed the two males making frantic movements as if to hide something.
 {¶ 3} Officer Gobel approached the driver, co-defendant Dacotdo Slaughter, who was extremely nervous and wanted out of the car. He was placed in the back of the zone car because he did not have a driver's license. Officer Weaver ordered Adams out of the car. He was patted down and placed in the back of the zone car.
 {¶ 4} The officers searched the center console for weapons and recovered a rock of crack cocaine and a scale. Adams and Slaughter were placed under arrest. While the officers were filling out paper work, Adams said to Slaughter, "[T]hey found the two rocks, face it, you're looking at probation, I'm looking at years." The officers then returned to the truck, looked in the console, and found the second rock of crack cocaine. *Page 4 
 {¶ 5} Mrs. Wanda Adams testified on her son's behalf. She stated that she and her husband came back from church and saw her son waiting in his friend's truck. He had lost his keys to the house and was waiting for Mrs. Adams to return home. She testified that she saw the police talking to her son and his friend. She said the officer told her twice that her son was not in any trouble because the drugs were found on his friend and not on him. She also testified that her son was not a crack head because he was in college and was too fat to be using crack cocaine.
 {¶ 6} Adams was charged with drug trafficking, possession of drugs, and possession of criminal tools. He was found guilty of possession of drugs and criminal tools but not guilty of drug trafficking.
 {¶ 7} Adams appeals, advancing four assignments of error for our review. We address the assignments of error out of order for clarity.
 {¶ 8} Adams' first assignment of error states the following:
 {¶ 9} "The trial court erred when it failed to declare a mistrial when an unauthenticated exhibit was submitted to the jury."
 {¶ 10} Under this assignment of error, Adams argues that the trial court should have declared a mistrial when the jury foreman notified the court that the jury had in its possession a police report that had not been admitted into evidence but was inadvertently given to the jury.
 {¶ 11} Mistrials should be declared only when the ends of justice require it and a fair trial is no longer possible. State v. Garner,74 Ohio St.3d 49, 1995-Ohio-168. *Page 5 
The grant or denial of an order of mistrial lies within the sound discretion of the trial court and will not be disturbed on appeal absent an abuse of discretion. Id. An abuse of discretion means more than a mere error of law or an error in judgment. It implies an arbitrary, unreasonable, unconscionable attitude on the part of the court.State v. Adams (1980), 62 Ohio St.2d 151.
 {¶ 12} When unadmitted evidence is mistakenly submitted to a jury, if that evidence is repetitive or cumulative of other evidence introduced at trial, the error is harmless. State v. Locklin, Montgomery App. No. 21224, 2006-Ohio-3855, citing State v. Cooper (1977), 52 Ohio St.2d 163;State v. Grant, 67 Ohio St.3d 465, 1993-Ohio-171. If, on the other hand, the unadmitted exhibits do not duplicate other evidence admitted at trial and they prejudice the defendant and the evidence of defendant's guilt is not overwhelming, then the conviction cannot stand. State v.Westwood, Athens App. No. 01CA50, 2002-Ohio-2445.
 {¶ 13} In this case, a copy of the police report was inadvertently sent back with the jury. During deliberations, the jury sent a note to the court asking whether they should consider the police report, which was attached to the evidence bag containing the scale. The court, in writing, instructed the jury not to consider the police report and then asked whether the jury was able to completely disregard the police report. Each juror responded, in writing, "Yes," and they signed their names. In addition, prior to reading the jury verdict, the court inquired, in open court, whether *Page 6 
the jury was able to disregard the police report, and the jury responded that they could.
 {¶ 14} Adams argues that the police report contained information not presented in the trial. Specifically, it contained a reference that Adams had been drinking. Adams also argues that his statement regarding the two rocks of crack cocaine, although admitted at trial, unfairly bolstered the police officer's testimony at trial. Finally, the co-defendant's statement, "Let me out of the car! I'm getting out of this car," was not in evidence but was contained in the report, implying that he was trying to get away from Adams and his drugs.
 {¶ 15} Although the police report contained some information not presented at trial, other evidence established Adams' guilt. Further, the jury indicated that they could disregard the police report. We find that the trial court did not abuse its discretion by not declaring a mistrial. Accordingly, Adams' first assignment of error is overruled.
 {¶ 16} Adams' third assignment of error states the following:
 {¶ 17} "The trial court erred when it allowed the prosecutor to pose questions to a defense witness concerning the appellant's drug use in violation of Rules 404(b) and 405(b) of the Ohio Rules of Evidence."
 {¶ 18} Adams argues that the state improperly asked a defense witness about specific acts of criminal activity, when the defense did not present any character *Page 7 
evidence. Specifically, evidence was admitted that Adams used marijuana but not crack cocaine.
 {¶ 19} The admission or exclusion of evidence rests within the sound discretion of the trial court. State v. Sage (1987), 31 Ohio St.3d 173, paragraph two of the syllabus.
 {¶ 20} Evid. R. 404(B) states the following:
 "Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident."
 {¶ 21} The state argues that Adams' prior drug use is admissible to prove absence of mistake or accident. The state contends that Adams' mother was asserting that her son was not involved in crack cocaine and that his being charged was a mistake.
 {¶ 22} On cross-examination, Mrs. Adams asserted that the crack cocaine was not her son's but rather was the co-defendant's. Mrs. Adams argued that her son was in college and that he should not have been charged. The prosecutor asked, "Have you ever known your son to be involved in drugs?" She responded, "Marijuana, yes." The prosecutor asked, "But not crack cocaine?" Mrs. Adams responded: "No. Do he look like a crack head[?] Look how fat he is. Come on." *Page 8 
 {¶ 23} The state's question elicited Mrs. Adams' opinion as to whether she knew her son to use drugs, presumably to show that it was not a mistake or accident that Adams was in a car containing crack cocaine. Evid. R. 405(A) allows proof of character by testimony as to reputation or opinion. Since the defense witness was claiming that her son was not involved with drugs, that he was mistakenly charged, the question was proper. Accordingly, Adams' third assignment of error is overruled.
 {¶ 24} We turn now to Adams' second assignment of error, which states the following:
 {¶ 25} "The trial court erred when it allowed the state's rebuttal witness to testify that the appellant's mother stated that her son is a crack head which was clearly hearsay and was not otherwise admissible."
 {¶ 26} Adams complains that the court erred when it allowed the state to present a rebuttal witness to refute Mrs. Adams' statement that she never told the police that her son was a crack head. Adams argues that it was inadmissible hearsay.
 {¶ 27} The state argues that the testimony of the officer, wherein he stated that Mrs. Adams told him "[Y]ou got to know James is a crack head," was presented to impeach Mrs. Adams and not for the truth of the matter asserted.
 {¶ 28} There is a difference between using a prior statement to impeach its maker under Evid. R. 613(B) and using it as substantive evidence, to prove the truth *Page 9 
of the matter asserted in the statement, under Evid. R. 801(D)(1)(a). A prior inconsistent statement is not hearsay if it "was given under oath subject to cross-examination by the party against whom the statement is offered and subject to the penalty of perjury at a trial, hearing, or other proceeding, or in a deposition." Evid. R. 801(D)(1)(a). SeeState v. Julian (1998), 129 Ohio App.3d 828, 836, 719 N.E.2d 96, fn. 12. Such statements may be used as substantive evidence.
 {¶ 29} Evid. R. 613(B) allows extrinsic evidence of a prior inconsistent statement by a witness if both of the following apply:
 "(1) If the statement is offered solely for the purpose of impeaching the witness, the witness is afforded a prior opportunity to explain or deny the statement and the opposite party is afforded an opportunity to interrogate the witness on the statement or the interests of justice otherwise require; [and]
 "(2) The subject matter of the statement is one of the following:(a) A fact that is of consequence to the determination of the action other than the credibility of a witness; * * *."
 {¶ 30} A statement under Evid. R. 613(B) is not admissible as substantive evidence; it is only admissible to impeach the witness.
 {¶ 31} During cross-examination the prosecutor asked Mrs. Adams whether she made any statements to Officer Weaver the day her son was arrested. Mrs. Adams denied making any statements to Officer Weaver. The prosecutor asked her if she told the officer that her son was a crack head. Mrs. Adams said she *Page 10 
did not and she would not say that. She stated that her son was in college and was not involved with crack cocaine. Mrs. Adams insisted that the drugs were the co-defendant's.
 {¶ 32} On rebuttal, the state called Officer Weaver to the stand. The state elicited testimony from the officer regarding Mrs. Adams' statement that her son was a crack head.
 {¶ 33} Obviously, Mrs. Adams' statement, "[Y]ou got to know James is a crack head," meets none of the criteria for substantive admissibility under Evid. R. 801(D)(1)(a). Hence, her statements could not have been used substantively to prove that her son was a crack head. Nevertheless, the statement may be offered to impeach the credibility of the witness, because she denied making that statement to police officers. Further, it was not a collateral issue, but was a fact of consequence to the determination. Therefore, the trial court did not err in allowing the state to present this rebuttal testimony. Accordingly, Adams' second assignment of error is overruled.
 {¶ 34} Adams' fourth assignment of error states the following:
 {¶ 35} "The trial court erred when it allowed the prosecutor to ask a rebuttal witness, over the defense's objection, if he believed the mother's statement that her son was a crack head, which is an issue solely in the province of the jury."
 {¶ 36} Under this assignment of error, Adams argues that it was improper for the prosecutor to ask the officer: "Okay. When she [Mrs. Adams] testified earlier *Page 11 
she did not say crack head at all, is that true or not true?" The officer responded that it was not true. Adams asserts that this question was unfairly prejudicial.
 {¶ 37} Generally, the opinion of a witness as to whether another witness is being truthful is inadmissible. State v. Reed, Lorain App. No. 04CA008608, 2005-Ohio-5111, citing State v. Miller (Jan. 26, 2001), Montgomery App. No. 18102.However, it is within the trial court's discretion to allow the prosecution, on cross-examination, to inquire whether another witness was lying. State v. Carter, 2005-Ohio-2179, Cuyahoga App. No. 84816, citing State v. Garfield (1986),34 Ohio App.3d 300. Further, the trial court has discretion to determine what relevant evidence is admissible as proper rebuttal. State v. Dunlap (1995),73 Ohio St.3d 308, 316.
 {¶ 38} Here, Mrs. Adams denied making the statement that her son was a crack head. The officer was called as a rebuttal witness to impeach Mrs. Adams' credibility by testifying that she did, in fact, make the statement that her son was a crack head. We find that the trial court did not abuse its discretion when it allowed the officer to answer whether Mrs. Adams told the truth. Accordingly, Adams' fourth assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
 The court finds there were reasonable grounds for this appeal. *Page 12 
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 MARY EILEEN KILBANE, J., and MELODY J. STEWART, J., CONCUR *Page 1