[Cite as *State v. Thompson*, 2016-Ohio-8310.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

### JOURNAL ENTRY AND OPINION
### No. 104322

# STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

# BURLIN THOMPSON

DEFENDANT-APPELLANT

## JUDGMENT:
DISMISSED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-15-596370-A

**BEFORE:** Stewart, J., E.A. Gallagher, P.J., and Boyle, J.

**RELEASED AND JOURNALIZED:** December 22, 2016

**ATTORNEY FOR APPELLANT**

John T. Castele
Rockefeller Building, Suite 1310
614 West Superior Avenue
Cleveland, OH 44113

**Also Listed:**

Burlin Thompson, pro se
Inmate No. R 72911
Apalachee Correctional Institution, East
35 Apalachee Drive
Sneads, FL 32460

**ATTORNEY FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
Justice Center, 9th Floor
1200 Ontario Street
Cleveland, OH 44113

MELODY J. STEWART, J.:

{¶1} Defendant-appellant Burlin Thompson pleaded guilty to two counts of sexual battery committed against two victims after DNA samples from rape kits identified him as the perpetrator of the sexual assaults committed nearly 20 years earlier. The court ordered Thompson to serve consecutive two-year sentences on each count.

{¶2} Appellate counsel seeks permission to withdraw from the case pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), because appellate counsel believes that he can raise no nonfrivolous issues on appeal. Thompson has not filed his own merit brief. Consistent with *Anders* and Loc.App.R. 16(C) of the Eighth District Court of Appeals, counsel filed a no-merit brief in conjunction with his motion to withdraw as counsel. The no-merit brief considered two possible issues that could be raised on appeal and explained why it would be frivolous for counsel to raise those issues. We examine those arguments in light of the record and legal precedent.

{¶3} Appellate counsel first suggests that Thompson could argue that he was prejudiced by the nearly 20-year delay in bringing the indictment, but believes that the argument is wholly frivolous because Thompson did not file a motion to dismiss the indictment and there is no basis in the record for finding that Thompson suffered actual prejudice from the delay.

{¶4} We agree that an ineffective assistance of counsel claim based on counsel's failure to seek dismissal of the indictment would be wholly frivolous. By pleading guilty, Thompson waived all constitutional errors apart from those affecting the guilty plea. *State v. Ware*, 11th Dist. Lake No. 2007-L-154, 2008-Ohio-3992, ¶ 25; *Tollett v. Henderson*, 411 U.S. 258, 267, 93 S.Ct. 1602, 36 L.Ed.2d 235 (1973) ("When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea.").

{¶5} Thompson cannot argue plain error because that doctrine applies only to forfeited errors — when a right is waived, it is not reviewable, even for plain error. *United States v. Olano*, 507 U.S. 725, 733, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993) ("Mere forfeiture, as opposed to waiver, does not extinguish an 'error' under Rule 52(b)"); *United States v. Boyd*, 86 F.3d 719, 722 (7th Cir.1996) ("the 'plain error' doctrine does not ride to the rescue when the choice has been made deliberately, and the right in question has been waived rather than forfeited.").

{¶6} Even if pleading guilty did not waive Thompson's right to raise preindictment delay on appeal, there is nothing in the record to show that he suffered actual prejudice sufficient to prevail on a claim of preindictment delay. *State v. Luck*, 15 Ohio St.3d 150, 472 N.E.2d 1097 (1984), paragraph two of the syllabus.

{¶7} Appellate counsel suggests that Thompson could raise an assignment of error that his prison terms in this case should have been ordered to run concurrent to a prison term that Thompson was serving in the state of Florida at the time he entered his guilty plea. Counsel believes, however, that an assignment of error to that effect would be wholly frivolous because the court's sentencing entry did not order that the Ohio prison terms be served consecutive to the Florida prison terms.

{¶8} We agree with counsel that it would be wholly frivolous for Thompson to argue that the court erred by ordering consecutive service of the Ohio prison terms. R.C. 2929.41(A) makes it clear that all sentences shall be served concurrently with any other sentence unless the court makes the specific findings required by R.C. 2929.14(C)(4).[1] The court's sentencing entry does not order the Ohio prison terms to be served consecutive to the Florida prison term.

{¶9} We are aware that at sentencing, the court thought that it had to order the Ohio prison terms to be served consecutive to the Florida term. The court stated:

> I don't believe that these can be run concurrent to a Florida sentence. If it can, I will appoint a lawyer to represent you on appeal and make that argument, okay? But I don't believe they can run concurrent to the sentence you're serving in Florida.

---

[1] Thompson does not complain that the court failed to make the findings required by R.C. 2929.14(C)(4) before ordering consecutive service of the sexual battery counts.

Tr. 37. Nevertheless, the court's sentencing entry did not order consecutive service of the Ohio prison terms to the Florida prison term. The court speaks only through its journal "and not by oral pronouncement or mere written minute or memorandum," *Schenley v. Kauth*, 160 Ohio St. 109, 113 N.E.2d 625 (1953), paragraph one of the syllabus, so as the record stands, we are required to find that the court ordered the Ohio sentences to be served concurrently with the Florida prison term. *See* R.C. 2929.41 (unless otherwise provided, "a prison term, jail term, or sentence of imprisonment shall be served concurrently with any other prison term, jail term, or sentence of imprisonment imposed by a court of this state, another state, or the United States.").

{¶10} Counsel's request to withdraw as appellate counsel is granted.

{¶11} Appeal dismissed.

It is ordered that appellee recover of said appellant costs herein taxed.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MELODY J. STEWART, JUDGE

EILEEN A. GALLAGHER, P.J., and
MARY J. BOYLE, J., CONCUR