[Cite as *State v. Malenda*, 2017-Ohio-5574.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**Nos. 104736 and 104829**

# STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

# GREGORY M. MALENDA

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case Nos. CR-15-598741-A and CR-16-606026-A

**BEFORE:** Stewart, J., Keough, A.J., and McCormack, J.

**RELEASED AND JOURNALIZED:** June 29, 2017

**ATTORNEY FOR APPELLANT**

Edward F. Borkowski, Jr.
P.O. Box 609151
Cleveland, OH 44109


**ATTORNEYS FOR APPELLEE**

Michael C. O'Malley
Cuyahoga County Prosecutor

Jennifer King
Assistant County Prosecutor
Justice Center, 9th Floor
1200 Ontario Street
Cleveland, OH 44113

MELODY J. STEWART, J.:

{¶1} Defendant-appellant Gregory M. Malenda pleaded guilty in two separate cases: in Cuyahoga C.P. No. CR-15-598741, he pleaded guilty to drug possession and driving while under the influence (specifying that he had five or more previous offenses in the last 20 years); in Cuyahoga C.P. No. CR-16-606026, he pleaded guilty to theft. The court ordered Malenda to serve concurrent prison terms of 12 months for drug possession and 32 months for driving while under the influence in CR-15-598741. The court ordered Malenda to serve a one-year prison sentence for theft in CR-16-606026, to be served consecutive to the prison terms in CR-15-598741, for a total of 44 months. In this appeal, Malenda complains that the court failed to comply with Crim.R. 11 when accepting his guilty plea; improperly considered a prior, uncounseled conviction when imposing sentence; and imposed maximum sentences without considering and giving proper weight to the relevant sentencing factors. We find no merit to the assigned errors.

I. Guilty Plea

{¶2} Malenda first argues that the trial court erred when the court incorrectly advised him on the maximum amount of prison time he could receive if he pleaded guilty. The court informed Malenda that 42 months would be the maximum amount of prison time he could receive if he pleaded guilty when in fact, he could have received, and did receive a maximum sentence of 44 months in prison.

**{¶3}** The advisement occurred in CR-15-598741, at a time when Malenda had yet to be charged in CR-16-606026. The sentence in CR-16-606026 was run consecutive to that ordered in CR-15-598741, thus accounting for the total prison term of 44 months.

**{¶4}** It is true that the court incorrectly told Malenda that he could receive a maximum sentence of 42 months for CR-15-598741 — the maximum penalty was 44 months (up to 12 months on Count 1 and up to 32 months on Count 2, with the possibility that the sentences could be run consecutively). Nevertheless, the state maintains that the error in misstating the maximum sentence was harmless because the court sentenced Malenda to only 32 months in CR-15-598741. This was less time than the incorrectly stated maximum.

**{¶5}** Guilty pleas are governed by Crim.R. 11. The rule requires the court to advise the defendant of certain constitutional and statutory rights, among those the maximum penalty involved. *See* Crim.R. 11(C)(2)(a). The advisement of the maximum penalty is a nonconstitutional right, *State v. Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, 893 N.E.2d 462, ¶ 31, so we consider whether there was "substantial compliance" with the rule. When a defendant claims that the court failed to comply with a nonconstitutional advisement, we require the defendant to show a "prejudicial effect" and look to see "whether the plea would otherwise have been made." *State v. Nero*, 56 Ohio St.3d 106, 108, 564 N.E.2d 474 (1990).

**{¶6}** The incorrect advisement on the maximum term was harmless because the court did not impose the maximum sentence on CR-15-598741; far from it, the court imposed only 32 months of a possible 44-month sentence. Tellingly, Malenda makes no claim of prejudice from the court's error, nor is any prejudice apparent on this record. Malenda makes no claim that he would not have entered his guilty plea had he been properly advised, so we find substantial compliance with Crim.R. 11.

## II. Consideration of Uncounseled Prior Conviction

**{¶7}** Count 2 of the indictment in CR-15-598741 alleged that Malenda had, within 20 years of the OVI offense, previously been convicted of five or more OVI offenses, among them a May 1, 1997 conviction in Willoughby M.C. No. 97TRC02980. Before entering his guilty plea in CR-15-598741, Malenda filed a motion to disallow the state's use of the 1997 Willoughby conviction because it was uncounseled. The court did not rule on the motion.

**{¶8}** "For purposes of penalty enhancement in later convictions under R.C. 4511.19, when the defendant presents a prima facie showing that prior convictions were unconstitutional because they were uncounseled and resulted in confinement, the burden shifts to the state to prove that the right to counsel was properly waived." *State v. Brooke*, 113 Ohio St.3d 199, 2007-Ohio-1533, 863 N.E.2d 1024, paragraph one of the syllabus.

{¶9} Nevertheless, a guilty plea waives all constitutional claims, apart from challenging the constitutionality of the plea itself. *State v. Thompson*, 8th Dist. Cuyahoga No. 104322, 2016-Ohio-8310, ¶ 4, citing *Tollett v. Henderson*, 411 U.S. 258, 267, 93 S.Ct. 1602, 36 L.Ed.2d 235 (1973) ("When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea.").

{¶10} Malenda failed to bring the pending motion to the court's attention before entering his guilty plea, so he functionally abandoned the motion and forfeited the right to raise it on appeal. *State v. Feaster*, 2d Dist. Montgomery No. 22039, 2008-Ohio-1305, ¶ 9. And as a corollary to abandonment, by entering the guilty plea before the court could issue a ruling on the motion to disallow the use of the prior conviction, Malenda waived the issue. *State v. Spates*, 64 Ohio St.3d 269, 273, 595 N.E.2d 351 (1992); *Thompson, supra*.

III. Sentencing

**{¶11}** Malenda's final argument is that the court erred when it imposed maximum sentences without considering and giving weight to the relevant sentencing factors. We summarily reject this argument because the court's sentencing entry shows that it considered "all required factors of the law." That entry alone sufficed to show that the court weighed the relevant sentencing factors. *State v. Powell*, 8th Dist. Cuyahoga No. 99386, 2014-Ohio-2048, ¶ 113; *State v. Kamleh*, 8th Dist. Cuyahoga No. 97092, 2012-Ohio-2061, ¶ 61.

**{¶12}** Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MELODY J. STEWART, JUDGE

KATHLEEN ANN KEOUGH, A.J., CONCURS (SEE SEPARATE CONCURRING OPINION);
TIM McCORMACK, J., CONCURS WITH MAJORITY OPINION AND CONCURS WITH SEPARATE CONCURRING OPINION

KATHLEEN ANN KEOUGH, A.J., CONCURRING WITH SEPARATE CONCURRING OPINION:

**{¶13}** I fully concur with the majority's decision affirming the case. However, I write separately to observe that the trial court at sentencing orally considered the factors found in R.C. 2929.11 and 2929.12 prior to imposing a maximum prison term and the record supports Malenda's sentence.

**{¶14}** I recognize that this court has held that merely stating in the sentencing journal entry that the trial court considered "all required factors of the law" is sufficient to demonstrate that the trial court gave proper consideration to R.C. 2929.11 and 2929.12 if the sentence falls within the statutory range. *See, e.g., Powell*, 8th Dist. Cuyahoga No. 99386, 2014-Ohio-2048; *Kamleh*, 8th Dist. Cuyahoga No. 97092, 2012-Ohio-2061.

**{¶15}** In fact, the Ohio Supreme Court has stated that while a trial court is required to take these factors into consideration when fashioning a proper sentence, the trial court is not required to make specific findings on the record. *State v. Wilson*, 129 Ohio St.3d 214, 2011-Ohio-2669, 951 N.E.2d 381, ¶ 31. Where the trial court does not put on the record its reasoning under R.C. 2929.11 and 2929.12, it is presumed that the trial court gave proper consideration of the statutes, unless the defendant affirmatively shows otherwise. *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124, ¶ 18, fn. 4, *overruled on other grounds*, *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231.

**{¶16}** However, after reviewing *Marcum* and the subsequent cases where the Ohio Supreme Court applied *Marcum*, I conclude that this court reviews the record to determine whether the record supports the maximum sentence imposed. In *Marcum*, the

Ohio Supreme Court held that, "[a]pplying the plain language of R.C. 2953.08(G)(2), we hold that an appellate court may vacate or modify a felony sentence on appeal only if it determines by clear and convincing evidence that the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law." *Id*. at ¶ 1.

{¶17} The trial court is not required to give findings prior to imposing a maximum prison term. That requirement was removed by *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, and not revived by the Ohio General Assembly. *See Kalish* at ¶ 1. But *Marcum* addressed appellate review of those sentences under R.C. 2953.08(G) that do not require findings, such as a maximum prison term. The court stated:

> We note that some sentences do not require the findings that R.C. 2953.08(G) specifically addresses. Nevertheless, it is fully consistent for appellate courts to review those sentences that are imposed solely after consideration of the factors in R.C. 2929.11 and 2929.12 under a standard that is *equally deferential* to the sentencing court. That is, an appellate court may vacate or modify any sentence that is not clearly and convincingly contrary to law only if the appellate court finds by clear and convincing evidence that the record does not support the sentence.

(Emphasis added.) *Id*. at ¶ 23.

**{¶18}** In *State v. McGowan*, 147 Ohio St.3d 166, 2016-Ohio-2971, 62 N.E.3d 178, and *State v. Brandenburg*, 146 Ohio St.3d 221, 2016-Ohio-2970, 54 N.E.3d 1217, where the Supreme Court reversed the appellate court and remanded the case for application of *Marcum*, the court stated in each case:

> In *State v. Marcum*, 146 Ohio St. 3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, we held that R.C. 2953.08(G)(2) allows an appellate court to increase, reduce, or otherwise modify a sentence only when it clearly and convincingly finds that the sentence is (1) contrary to law or (2) unsupported by the record.  *Id*. at ¶ 7.

*McGowan* at ¶ 1; *Brandenburg* at ¶ 1.  In both of those cases, the appellate court was reviewing a maximum sentence imposed by the trial court.

**{¶19}** Therefore, for an appellate court to modify or vacate a sentence, the sentence must be (1) clearly and convincingly contrary to law; or (2) clear and convincing evidence must exist that the record does not support the sentence.  As *Marcum* states, this review is made with deference to the trial court.

**{¶20}** Applying *Marcum* and R.C. 2953.08(G), I would conclude that the sentence imposed is not contrary to law because it is within the statutory range, and the record affirmatively supports that the trial court considered the relevant statutory factors under R.C. 2929.11 and 2929.12.   Although Malenda asserts that his sentence is also contrary to law because the trial court misapplied or did not weigh the seriousness and recidivism factors in his favor, "the weight to be given to any one sentencing factor is purely discretionary and rests with the trial court."  *State v. Price*, 8th Dist. Cuyahoga No. 104341, 2017-Ohio-533, ¶ 20, *State v. Ongert*, 8th Dist. Cuyahoga No. 103208,

2016-Ohio-1543, ¶ 10, citing *State v. Torres*, 8th Dist. Cuyahoga No. 101769, 2015-Ohio-2038, ¶ 11. A lawful sentence "cannot be deemed contrary to law because a defendant disagrees with the trial court's discretion to individually weigh the sentencing factors." *Ongert* at ¶ 12. Accordingly, the sentence is not contrary to law.

{¶21} Furthermore, Malenda has failed to show by clear and convincing evidence that the record does not support his sentence. Rather, my review reveals that the record supports the trial court's findings under the relevant statutes. Although the court did not mention at sentencing the two relevant statutes, the trial court discussed the purposes and principles of felony sentencing under R.C. 2929.11 and the seriousness and recidivism factors contained in R.C. 2929.12, while applying those factors to the facts of the case. Accordingly, after a full review of the record, including the sentencing hearing transcript, it is clear that the trial court considered all the statutory factors and explained thoroughly its reasons for imposing the maximum sentence on each offense. Accordingly, the sentence is supported by the record.