[Cite as *State v. Anderson*, 2022-Ohio-1313.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 110631 |
| v. | : | |
| ROBERT ANDERSON, | : | |
| Defendant-Appellant. | : | |

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** April 21, 2022

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-20-654592-A

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Amanda M. Hall, Assistant Prosecuting Attorney, *for appellee*.

Valore & Gordillo, LLP, and Dean M. Valore, *for appellant*.

ANITA LASTER MAYS, J.:

{¶ 1} Defendant-appellant Robert Anderson ("Anderson") pleaded guilty to one count of sexual battery. Anderson received a two-year sentence and now

appeals on the ground that he was prejudiced by the ten-year preindictment delay. We affirm.

{¶ 2} Anderson was indicted on December 1, 2020, for two counts of rape with sexually violent predator specifications for an incident that allegedly occurred on June 19, 2010. Anderson's motion to dismiss due to preindictment delay or alternatively a demand for a speedy trial contained the wrong case number and was docketed and served in a different case. Notwithstanding that fact, a hearing on the motion was conducted on June 21, 2021.[1]

{¶ 3} Anderson argued that the audio recording produced by the state of J.H., the sole witness to what transpired at the party where the alleged incident occurred, revealed that J.H. only had a "vague recollection of the events" and could not really recall what happened. (Tr. 13.) The state also produced an audio recording of the victim who, according to the record, stated that she had been drinking quite a lot that day and recalled she or Anderson, who was 18 years of age at the time, left school early the day of the encounter. It was also offered that J.H. and the victim were dating at the time.

{¶ 4} The state countered that it had 25 years to indict for rape and that Anderson did not argue that all four people who were allegedly at the house at the time were unable to remember what transpired or could not be located. The trial court denied the speedy trial dismissal motion in large part due to COVID

---

[1] On August 24, 2021, the original motion was located and added to the record.

considerations. The trial court also denied the motion to dismiss for preindictment delay; however, the trial court informed the defense that if an investigator was required for the preindictment-delay argument, the court would consider a motion requesting assignment of an investigator "up to a certain limit of expenses." (Tr. 22.) The defense also indicated that Anderson might be willing to accept responsibility for a sexual battery charge with a reservation of Anderson's right to appeal the preindictment delay issue.

{¶ 5} On June 23, 2021, Anderson pleaded guilty to an amended charge of sexual battery, a third-degree felony under R.C. 2907.03(A)(2). The sexually violent predator specification was deleted, and the remaining rape count and specification were nolled.

{¶ 6} At the time of Anderson's indictment and sentence in the instant case, Anderson was serving an eight-year sentence for an unrelated 2018 case. In that case, Anderson pleaded guilty to an amended charge of sexual battery under R.C. 2907.03(A)(2) for a July 1, 2011 offense. Anderson received a two-year sentence in the instant case to be served consecutive to the sentence imposed in the 2018 case. Anderson was again determined to be a Tier III sex offender, advised of postrelease control, and was ordered to pay costs. Not only is the record bereft of an agreement that the plea involved the preservation of Anderson's preindictment-delay argument, but the trial court also declared that all motions that were not specifically ruled on prior to the final judgment entry were moot.

{¶ 7} Anderson assigns a single error on appeal:

The trial court erred in denying appellant's motion to dismiss on the grounds of unjustified and prejudicial preindictment delay and thereby violated appellant's due process rights under the Constitutions of the state of Ohio and the United States of America.

{¶ 8} A guilty plea entered by a criminal defendant waives all alleged constitutional allegations violations except for those related to the entry of the guilty plea. *State v. Cruz*, 8th Dist. Cuyahoga No. 107174, 2019-Ohio-788, ¶ 6, citing *State v. Ketterer*, 111 Ohio St.3d 70, 2006-Ohio-5283, 855 N.E.2d 48, ¶ 105, and *State v. Kelley*, 57 Ohio St.3d 127, 566 N.E.2d 658 (1991), paragraph two of the syllabus (a guilty plea effectively waives all appealable errors unless the errors precluded the entry of a voluntary plea under Crim.R. 11).[2]

{¶ 9} Thus, Anderson has "waived any alleged due process violation arising from preindictment delay." *Id*. at ¶ 7, citing *State v. Shivers*, 8th Dist. Cuyahoga No. 105621, 2018-Ohio-99, ¶ 11, citing *State v. Taylor*, 8th Dist. Cuyahoga No. 105322, 2017-Ohio-8066, ¶ 12, *discretionary appeal not allowed*, 152 Ohio St.3d 1440, 2018-Ohio-1600, 96 N.E.3d 297, and *State v. Brown*, 8th Dist. Cuyahoga No. 104095, 2017-Ohio-184, ¶ 9. *See also State v. Thompson*, 8th Dist. Cuyahoga No. 104322, 2016-Ohio-8310, ¶ 3-4; *State v. Ware*, 11th Dist. Lake No. 2007-L-154, 2008-Ohio-3992, ¶ 10.

---

[2] At the June 21, 2021 pretrial hearing, the defense indicated a possible interest in a plea agreement if Anderson retained his right to appeal the preindictment delay issue. There is nothing further in the record to indicate the request was included in the final plea agreement. The record also contains a consensus by the parties that Anderson's plea was knowingly, intelligently, and voluntarily made pursuant to Crim.R. 11.

{¶ 10} Notwithstanding the waiver, Anderson has not demonstrated entitlement to relief. In 1977, the United States Supreme Court determined that prosecutors may wait to file charges until "they are satisfied they will be able to establish the suspect's guilt beyond a reasonable doubt" and not "as soon as probable cause exists." *United States v. Lovasco*, 431 U.S. 783, 97 S.Ct. 2044, 52 L.Ed.2d 752 (1977). "To impose such a duty 'would have a deleterious effect both upon the rights of the accused and upon the ability of society to protect itself,'" *id.* at 791, quoting *United States v. Ewell*, 383 U.S. 116, 120, 86 S.Ct. 773, 15 L. Ed. 2d 627 (1966). The court rationalized that "requiring prosecutions to commence when probable cause is established" protects potential defendants from "stand[ing] accused but untried" for a longer period of time. *Id.*

{¶ 11} The United States Supreme Court has also determined that a defendant is protected against any prejudice that may result from the time delay between the alleged incident and indictment by the statute of limitations. *Cruz* at ¶ 10, citing *U.S. v. Marion*, 404 U.S. 307, 322, 92 S.Ct. 455, 30 L.Ed.2d 468 (1971). The statute of limitations serves as "the primary guarantee against bringing overly stale criminal charges." *Id.*, citing *id.*[3]

---

[3] Generally, in Ohio a charge of rape under R.C. 2907.02 and 2907.03 must be commenced within 25 years after the offense is committed. R.C. 2901.13(A)(4). However, R.C. 2901.13(D) (1) provides that where a DNA match is found more than 25 years after the incident, prosecution of that individual may be commenced within five years after the DNA determination is complete. If the DNA determination is made within the 25-year period, the prosecution may be commenced within the 25-year period or five years after the determination is complete, whichever is longer. R.C. 2901.13(D)(2). The provisions regarding R.C. 2907.02 and 2907.03 apply to violations committed on or after July 16, 2015, or to a violation committed before July 16, 2015, "if prosecution for that violation

{¶ 12} In Ohio, "[p]reindictment delay violates due process only when it is unjustifiable and causes actual prejudice." *State v. Kafantaris*, 2018-Ohio-1397, 110 N.E.3d 793, ¶ 19 (8th Dist.), citing *State v. Jones*, 148 Ohio St. 3d 167, 2016-Ohio-5105, 69 N.E.3d 688, ¶ 12. "The Ohio Supreme Court has established a burden-shifting framework for analyzing preindictment delay due process claims." *Id*, citing *State v. Whiting*, 84 Ohio St.3d 215, 217, 702 N.E.2d 1199 (1998). "Under this framework, a defendant is first required to present evidence of actual prejudice; if actual prejudice is established, the burden shifts to the state to produce evidence of a justifiable reason for the delay." *Id*.

{¶ 13} "[T]he determination of 'actual prejudice' involves 'a delicate judgment based on the circumstances of each case.'" *Kafantaris* at ¶ 20, quoting *State v. Walls*, 96 Ohio St. 3d 437, 2002-Ohio-5059, 775 N.E.2d 829, ¶ 52, citing *Marion*, 404 U.S. 307, 326, 92 S.Ct. 455, 30 L.Ed.2d 468 (1971). "In making this assessment, courts are to consider the evidence as it exists when the indictment is filed and the prejudice the defendant will suffer at trial due to the delay." *State v. Luck*, 15 Ohio St.3d 150, 154, 472 N.E.2d 1097 (1984), citing *Marion*, 404 U.S. 307 at 326, 92 S.Ct. 455, 30 L.Ed.2d 468.

{¶ 14} In fact,

> The burden upon a defendant seeking to prove that preindictment delay violated due process is "'nearly insurmountable,'" especially because proof of prejudice is always speculative. *United States v.*

---

was not barred under this section as it existed on the day prior to July 16, 2015." R.C. 2901.13(L). Over the past decade, through legislative initiatives and funding, Ohio has processed a backlog of thousands of DNA rape kits.

*Montgomery*, 491 Fed.Appx. 683, 691 (6th Cir. 2012), quoting [*United v.*] *Roger*s, [118 F.3d 466,] 477, fn. 10 [(6th Cir.1997)].

*State v. Adams*, 144 Ohio St.3d 429, 2015-Ohio-3954, 45 N.E.3d 127, ¶ 100. Also, "no presumption of prejudice arises in the due-process context when a preindictment delay exceeds a particular length of time." *Id.* at ¶ 98, citing *United States v. Schaffer*, 586 F.3d 414, 425 (6th Cir.2009).

{¶ 15} In this case, on June 21, 2021, the trial court advised Anderson's counsel that it would consider a defense motion to hire an investigator and cover related costs. Instead of filing a motion, on June 23, 2021, Anderson entered a guilty plea and cited the futility of attempting to prove that the encounter was consensual. Thus, under the facts of this case, Anderson waived the preindictment-delay argument by pleading guilty instead of moving to have an investigator provided to possibly obtain exonerating information prior to entering the plea.

{¶ 16} The single assigned error is overruled.

{¶ 17} The trial court's judgment is affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27

of the Rules of Appellate Procedure.

_____
ANITA LASTER MAYS, JUDGE

SEAN C. GALLAGHER, A.J., and
FRANK DANIEL CELEBREZZE, III, J., CONCUR